IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ATHENA BITCOIN GLOBAL, <br><br> Plaintiff, <br><br> v. <br><br> SHAUN OVERTON, JANE DOE-OVERTON, each individually and as members of the Conjugal Legal Partnership constituted by both; SHAUN OVERTON, in his Personal and Official Capacity for ROI Developers, Inc.; ROI DEVELOPERS, INC. D/B/A ACCRUVIA; CORPORATIONS A, B, and C; JOHN DOE; RACHEL DOE; INSURANCE COMPANIES X, Y, and Z, <br><br> Defendants. | Case No. 1:22-cv-01291 <br><br> Cook County Case No. 2022CH01062 |

## NOTICE OF REMOVAL

Defendants Shaun Overton, Neidy Overton (incorrectly sued as "Jane Doe-Overton"), and ROI Developers, Inc. d/b/a Accruvia ("Accruvia") (collectively hereinafter, "Defendants"), by their undersigned counsel, hereby give notice of the removal of this action, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, to the United States District Court for the Northern District of Illinois ("Notice of Removal"). This Court has subject matter jurisdiction over this action based on diversity of citizenship. 28 U.S.C. § 1332(a)(1). As grounds for removal, Defendants state as follows:

**I.      BACKGROUND**

1. On February 7, 2022, Plaintiff Athena Bitcoin Global ("Athena") filed a Verified Complaint against Defendants in the Circuit Court of Cook County, captioned *Athena Bitcoin Global v. Shaun Overton, Jane Doe-Overton, Each Individually And As*

1

*Members Of The Conjugal Legal Partnership Constituted By Both; Shaun Overton in his Personal and Official Capacity for ROI Developers, Inc.; ROI Developers, Inc. d/b/a Accruvia; Corporations A, B and C; John Doe; Rachel Doe; Insurance Companies X, Y and Z*, Case No. 2022CH01062 (the "State Court Action").

2. Attached as Exhibit A is a true and correct copy of the docket sheet from the State Court Action.

3. Attached as Exhibit B is a true and correct copy of the Verified Complaint filed in the State Court Action.

4. Defendants deny any liability whatsoever to Athena under any theory and in any amount. Solely for purposes of this Notice of Removal, Defendants rely on Athena's allegations, as set forth in the Verified Complaint to satisfy the requirements of removal under 28 U.S.C. §§ 1332, 1441 and 1446.

**II. REMOVAL IS TIMELY UNDER 28 U.S.C § 1446(b).**

5. On February 10, 2022, Defendant Shaun Overton was served with the Verified Complaint and a Summons addressed to him "Individually & As Part of the Conjugal Legal Partnership Constituted By [Shaun Overton and Jane Doe-Overton]." Exhibit C is a true and correct copy of that summons. Exhibit D is a true and correct copy of the Affidavit of Service of Summons and Complaint/Petition relating to Exhibit C.

6. On February 10, 2022, Defendant Shaun Overton was also served with the Verified Complaint and a Summons addressed to him "In Official & Personal Capacity for ROI Developers, Inc." Exhibit E is a true and correct copy of that summons. Exhibit F is a true and correct copy of the Affidavit of Service of Summons and Complaint/Petition relating to Exhibit E.

7. On February 10, 2022, Defendant Neidy Overton was served with the Verified Complaint and a Summons addressed to "Jane Doe-Overton, Individually & As Part of the

Conjugal Legal Partnership By [Shaun Overton and Jane-Doe-Overton]." Exhibit G is a true and correct copy of that summons. Exhibit H is a true and correct copy of the Affidavit of Service of Summons and Complaint/Petition relating to Exhibit G.

8. On February 10, 2022, Defendant ROI Developers, Inc. d/b/a Accruvia was served with the Verified Complaint and a Summons by serving Shaun Overton. Exhibit I is a true and correct copy of that summons. Exhibit J is a true and correct copy of the Affidavit of Service of Summons and Complaint/Petition relating to Exhibit I.

9. Pursuant to 28 U.S.C. § 1446(b)(1), a notice of removal shall be filed within thirty days after the defendant is served. Accordingly, the removal is timely.

### III. THIS COURT HAS JURISDICTION UNDER 28 U.S.C. § 1332(a).

10. This Court has subject matter jurisdiction over all cases where the amount in controversy exceeds $75,000.00 and is between "citizens of different States." 28 U.S.C. § 1332(a).

#### A. The Amount in Controversy Exceeds $75,000.

11. In the Verified Complaint, Athena alleges it has "suffered damages estimated "at no less than Three Million Dollars ($3,000,000.00)." Ex. B, ¶ 44. Accordingly, the amount in controversy requirement for diversity jurisdiction is satisfied in this case because it is clear from the face of the Verified Complaint that the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," as required under 28 U.S.C. § 1332(a).

#### B. There Is Complete Diversity of Citizenship.

12. Plaintiff Athena is alleged to be a Nevada corporation with its offices and principal place of business in Chicago, Illinois. Ex. B, ¶ 3. Because a corporation is a citizen of its state of incorporation and its principal place of business, Athena is a citizen of Nevada and Illinois for the purpose of diversity jurisdiction. *See., e.g., Americold Realty Trust v. Conagra Foods, Inc.,* 136 S. Ct. 1012, 1017 (2016); *Hukic v Aurora Loan Servs.,* 588 F.3d 420, 427 (7th Cir. 2009).

13. Shaun Overton is a resident of and domiciled in Texas. Ex. B, ¶ 4. Therefore, he is a citizen of Texas. *See., e.g., RTP LLC v. ORIX Real Estate Capital, Inc.*, 827 F.3d 689, 692 (7th Cir. 2016).

14. Neidy Overton is a resident of and domiciled in Texas. Ex. B, ¶ 4. Therefore, she is a citizen of Texas. *See., e.g., id.*

15. ROI Developers, Inc. d/b/a Accruvia is a Texas corporation with its principal place of business in Hurst, Texas. Ex. B, ¶ 6. Because a corporation is a citizen of its state of incorporation and its principal place of business, ROI Developers, Inc. d/b/a Accruvia is a citizen of Texas for the purpose of diversity jurisdiction. *See., e.g., Americold Realty Trust*, 136 S. Ct. at 1017.

16. The Verified Complaint also names "Corporations A, B and C, John and Rachel Doe, and Insurance Companies X, Y and Z" as "yet to be identified corporations, persons and/or insurance companies that may be responsible and respond to Plaintiffs directly [sic] for the claims presented herein." Ex. B at ¶ 7. The citizenship of fictitious defendants shall be disregarded in determining whether removal is proper based on diversity of citizenship. U.S.C. § 1441(b)(1).

17. Athena is a citizen of Nevada and Illinois. Defendants are citizens of Texas. Accordingly, there is complete diversity. 28 U.S.C. § 1332(a).

**IV. DEFENDANTS SATISFY THE PROCEDURAL REQUIREMENTS FOR REMOVAL**

    **A. Venue for Removal Is Proper.**

18. This action is properly removed to this Court because the Circuit Court of Cook County, Illinois is located within the Northern District of Illinois. See 28 U.S.C. §§ 93(a), 1446(a).

4

**B.     State Court File Is Attached.**

19.     Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, orders, and documents served upon or by Defendants in the State Court Action are attached hereto as follows:

> Exhibit A:  Case Information Summary
>
> Exhibit B:  Verified Complaint
>
> Exhibit C:  Summons for Shaun Overton, Individually & As Part of the Conjugal Legal Partnership Constituted by [Shaun Overton and Jane Doe-Overton]
>
> Exhibit D:  Affidavit of Service of Summons and Complaint/Petition on Shaun Overton, Individually & As Part of the Conjugal Legal Partnership Constituted by [Shaun Overton and Jane Doe-Overton]
>
> Exhibit E:  Summons for Shaun Overton, In Official & Personal Capacity for ROI Developers, Inc.
>
> Exhibit F: Affidavit of Service of Summons and Complaint/Petition on Shaun Overton In Official & Personal Capacity for ROI Developers, Inc.
>
> Exhibit G: Summons for Jane Doe-Overton, Individually & As Part of the Conjugal Legal Partnership Constituted by [Shaun Overton and Jane Doe-Overton]
>
> Exhibit H:  Affidavit of Service of Summons and Complaint/Petition on Jane Doe-Overton, Individually & As Part of the Conjugal Legal Partnership Constituted by [Shaun Overton and Jane Doe-Overton]
>
> Exhibit I:  Summons for ROI Developers, Inc. d/b/a Accruvia
>
> Exhibit J:  Affidavit of Service of Summons and Complaint/Petition on ROI Developers, Inc. d/b/a Accruvia
>
> Exhibit K: Motion for Appointment of a Special Process Server

20.      To Defendants' knowledge, no other documents or pleadings were filed in the State Court Action.

**C.     Written Notice of Removal Is Provided.**

21.     Pursuant to 28 U.S.C. 1446 (d), a copy of this Notice of Removal is being served upon counsel for Athena.  A copy of this Notice of Removal is also being filed in the State Court Action.

**D.** **All Defendants Consent and Join in Removal.**

22. All Defendants other than fictitious corporations and individuals join in and consent to this removal action. 28 U.S.C. § 1446(b)(2)(A).

**V.** **CONCLUSION**

Defendants reserve their right to amend or supplement this Notice of Removal.

WHEREFORE, Defendants respectfully remove this action from the Cook County Circuit Court to this Court.

Dated: March 10, 2022          Respectfully submitted:

         */s/ Katie J. Colopy*
         Holly A. Harrison
         Katie J. Colopy
         Michael L. Rice
         HARRISON LAW LLC
         141 W. Jackson Blvd., Suite 2055
         Chicago, IL 60604
         (t) (312) 638-8776
         (f) (312) 638-8793
         hollyharrison@hlawllc.com
         katiecolopy@hlawllc.com
         mikerice@hlawllc.com

         **Attorneys for Defendants**
         **Shaun Overton, Neidy Overton and ROI**
         **Developers, Inc. d/b/a Accruvia**

**<u>Certificate of Service</u>**

      The undersigned hereby certifies that, on March 10, 2022, I served a copy of the foregoing Notice of Removal on the following counsel of record by email and U.S. Mail:

Ryan M. Cleys
115 East Irving Park Rd., #936
Streamwood, Illinois 60107
Rmcleys@gmail.com

                                        */s/ Katie J. Colopy*