# Exhibit B

FILED
2/7/2022 6:56 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022CH01062
Calendar, 3
16609320

IN THE CIRCUIT COURT OF COOK COUNTY
COUNTY DEPARTMENT - CHANCERY DIVISION

| | |
|---|---|
| ATHENA BITCOIN GLOBAL | CIVIL NO.: ___2022CH01062___ |
| *Plaintiff* | |
| v. | BREACH OF FIDUCIARY DUTIES; BREACH OF CONTRACT; INTENTIONAL AND TORTIOUS INTERFERENCE; DAMAGES; EQUITABLE RELIEF |
| SHAUN OVERTON, JANE DOE-OVERTON, EACH INDIVIDUALLY AND AS MEMBERS OF THE CONJUGAL LEGAL PARTNERSHIP CONSTITUTED BY BOTH; SHAUN OVERTON in his Personal and Official Capacity for ROI Developers, Inc.; ROI DEVELOPERS, INC. D/B/A ACCRUVIA; CORPORATIONS A, B AND C; JOHN DOE; RACHEL DOE; INSURANCE COMPANIES X, Y AND Z | PLAINTIFF DEMANDS TRIAL BY JURY |
| *Defendants* | |

## VERIFIED COMPLAINT

TO THE HONORABLE COURT:

NOW COMES the Plaintiff, ATHENA BITCOIN GLOBAL (hereinafter referred to as "ATHENA"), through the undersigned attorneys, respectfully allege and pray as follows:

### I.  NATURE OF ACTION

1.  This action is filed pursuant to Illinois common law, and the fiduciary duty of loyalty of an officer of a corporation, for intentional and tortious interference, and damages and any other applicable statute.

### II.  JURISDICTION AND VENUE

2.  This Honorable Court has jurisdiction and venue is proper in this Circuit Court, as

the events giving rise to the claim herein asserted affected and caused damages to Athena, a corporation with principal place of business within the jurisdiction of this Court, for which it occurred within this Circuit Court's Cook County.

## III. THE PARTIES

3.      Plaintiff Athena is a corporation organized under the laws of the State of Nevada, with its offices and principal place of business in 1332 N. Halsted St., Suite 401, Chicago, IL 60642, Telephone (312) 690-4466.

4.      Defendants Shaun Overton, Jane Doe-Overton, each individually and as members of the Conjugal Legal Partnership Constituted by Both, are natural and a juridical person, and they are responsible for the breach of fiduciary duties and tortious acts incurred by Mr. Overton while purporting to work as the Chief Technology Officer for Athena.  In accordance with best information and belief, the Overton's are residents of the State of Texas with principal residence at 1917 Sage Trail, Hurst, TX 76054.

5.      Another defendant is Shaun Overton in his personal and official capacity as Director and President for ROI Developers, Inc. ("ROI"), who, in accordance with best information and belief, has principal office address at 615 W Harwood Rd., Hurst, TX 76054.

6.      Defendant ROI Developers, Inc. d/b/a Accruvia ("Accruvia"), is a corporation organized and existing in accordance with the laws of the State of Texas, created for the transaction of any and all lawful business for which corporations may be organized under the Texas Business Organization Code.  In accordance with best information and belief, it has a principal office address at 615 W Harwood Rd., Hurst, TX 76054, and mailing address at 6909 Wandering Way, Colleyville, TX 76034.

7.      Corporations A, B and C, John and Rachel Doe, and Insurance Companies X, Y and

Z are additional defendants yet to be identified corporations, persons and/or insurance companies that may be responsible and respond to Plaintiffs directly or indirectly for the claims presented herein.

IV.    FACTS RELEVANT TO ALL CLAIMS

8.    Since the middle of the year 2021, Athena has been operating in the Republic of El Salvador assisting the government with the implementation of "Ley Bitcoin" which legalized bitcoin as legal tender. Athena has helped ensure that bitcoin can be used and accepted as legal tender within El Salvador for the acquisition of goods, services, and other items in general pursuant to El Salvador law.

9.    As part of its work, Athena obtained and installed in early September some 200 ATM-type machines for the use and benefit of the Salvadoran citizens so that they could transact for cryptocurrency directly with these machines. Athena also assisted in the rollout and implementation of handheld point-of-sale devices ("POS"), with which commercial establishments in the Republic would be able to transact their services or selling of goods by accepting a cryptocurrency.

10.    On September 22, 2021, Athena, Shaun Overton, Accruvia, and ROI agreed for Athena to purchase ROI and Accruvia 100% of all intellectual property, service agreements (implied, written, or otherwise), and all other assets of ROI and Accruvia, and offered employment to Shaun Overton in a senior executive role, while agreeing further to exclusive work for Athena. Overton, ROI, and Accruvia agreed to be bound by a Confidentiality and Non-Disclosure Agreement.

11.    A Term Sheet ("the Agreement") establishing all of the above was signed and entered by Athena, ROI, Accruvia and Shaun Overton on September 22, 2021. *See* Agreement as Exhibit 1 redacted and attached.

12.    Immediately thereafter, Overton began purporting to work for Athena as Chief

Technology Officer ("CTO"). Mr. Overton requested, and Athena accepted that the Agreement be of a binding nature. Mr. Overton also executed a Non-Disclosure Agreement ("NDA") before a Notary Public. *See* NDA as Exhibit 2 attached. The Agreement and the NDA were primarily for Mr. Overton's work in El Salvador and for his work directly for Athena at the corporate level, with headquarters in Illinois.

13.     Having concretized this business relationship, ROI, Accruvia and Mr. Overton began to access all the technology information, intellectual property, software applications and confidential information of Athena which Athena provided on the basis of the good faith of a future employee currently purporting a position in Athena's "C-Suite." Mr. Overton began holding himself out as the "CTO" of Athena and was granted authority and privilege as a C-level executive.

14.     Nevertheless, and not long thereafter, the real reasons of ROI's, Accruvia's and Overton's intent in signing the Agreement and NDA became clear to Athena, and that was Defendants' interest in sabotaging and harming Athena's business relationship with the Republic of El Salvador so that the Defendants could push Athena out of the way to secure a contract for the Defendants providing the services.

15.     While still under the obligations of the Agreement, Mr. Overton and/or ROI and/or Accruvia went and informed the Republic of El Salvador of purported Athena software problems that Defendants would help to fix, if the Republic agreed to contract with and pay the Defendants.

16.     Defendants' actions, initially instigated by Overton, caused complications with the contract for services being provided to the Republic of El Salvador. Defendants' actions then created a poor reflection that was the proximate cause of the Republic to lower their investment in the relationship with Athena, thus, causing economic damages to Athena.

17.     Furthermore, during his time purportedly acting as CTO for Athena, Mr. Overton,

--

ROI and Accruvia engaged in conduct detrimental to the best interests of Athena. These included, for example, keeping Athena from recruiting the best personnel available, including knowledge and cost-wise, just because Defendants would not work with "Indians" which he posted to one of the executives in an electronic message. This further caused damages due with the additional expense that Athena had to incur to recruit other personnel just because of the defendants' racist behaviors and to ensure that Athena complied with all laws which it did.

18.     Further, Defendants chose to hire incompetent and expensive staff on Athena's 'dime,' whom Athena had to fire, for the purpose of sabotaging Athena's work. When an Athena executive confronted Defendants about their failures, Defendant then fully repudiated the Agreement.

## V.     COUNT I: BREACH OF FIDUCIARY DUTY

19.     Plaintiff restates and re-alleges all prior allegations.

20.     ROI and Accruvia signed and entered into the Agreement for its purchase by Athena and the commencement of purported employment by Shaun Overton as a CTO on September 22, 2021, which included the execution of an NDA.

21.     The agreement was executed in El Salvador in person and the parties offered that they all intended to be obligated by the laws of El Salvador.

22.     Overton, ROI, and Accruvia accepted a duty of loyalty to Athena upon Overton's advertising himself as CTO and purporting to use Accruvia and ROI with that title, which were under his sole control.

23.     Overton, ROI and Accruvia breached their duty of loyalty. Soon after purporting to work for Athena, ROI, Accruvia and Overton betrayed the trust and loyalty that they owed to Athena by sabotaging the effectiveness of and attempting to steal for themselves Athena's services

to the Republic of El Salvador.

24.     Overton, ROI and Accruvia's conduct also establishes that they have failed to meet their obligations of non-disclosure by providing information, in violation of the Agreement and the NDA, to the Republic of El Salvador and other third parties.

25.     Overton, ROI, and Accruvia had a duty to follow the laws of El Salvador as part of the Agreement. They violated this duty by violating El Salvadoran law by attempting to steal a client of Athena while holding oneself out as an executive of Athena.

26.     These actions by defendant Mr. Overton are also actionable under Articles 275 and 382 of the Commercial Code of the Republic of El Salvador for competing against Athena in its business dealings in that country while acting as its purported CTO and other services.

27.     Athena has suffered damages as a direct and proximate result of ROI, Accruvia and Overton's breaches of fiduciary duties that it owed to Athena. Athena requests all compensatory and consequential damages that it is entitled to receive from all defendants jointly and/or severally.

28.     Finally, Athena seeks preliminary and permanent injunctive relief preventing ROI, Accruvia and Overton from further unauthorized disclosure of Athena's confidential information. Preliminary and permanent injunctive relief is necessary to safeguard Athena's confidential information.

## VI.    COUNT II: BREACH OF CONTRACT

29.     Plaintiff repeats and incorporates all prior allegations.

30.     On September 22, 2021, Mr. Overton, ROI, Accruvia and Athena entered into a Term Sheet agreement whereby Athena would purchase all intellectual property of sellers ROI and Accruvia with a target closing date of October 22, 2021. Meanwhile, upon closing Mr. Overton would become employed by Athena as a CTO.

--

31.     Defendants violated the Agreement by completely repudiating it in advance of the closing date, opening up negotiations, and leveraging Overton's 'executive' title to negotiate for further gains for himself.

32.     Athena was in compliance with the Agreement at the time of the repudiation by Defendants. Thus, the repudiation serves as a breach of the Agreement.

33.     Athena has suffered additional damages as a direct and proximate result of Overton's, ROI's and Accruvia's repudiation and Breach of the Agreement and the NDA.

## VII.    COUNT III: BAD FAITH

34.     Plaintiff repeats and incorporates all prior allegations.

35.     At all times relevant to this litigation, defendants ROI, Accruvia and Mr. Overton were in a contractual relationship with Athena and owed a duty to Athena to act in good faith and deal fairly with and once purporting to function as an executive, on behalf of Athena.

36.     Defendants sought to steal a portion of Athena's clientele in violation of El Salvadoran law and signed the Agreement with the intent, not to conduct the described transaction, but to gain an inner foothold on information from Athena to attempt to steal a large client.

37.     Defendants breached that duty on more than one occasion by wrongfully incurring in actions and/or omissions detrimental to Athena's best interests, including, but not limited, their attempts to sabotage Athena's business relationship with El Salvador, disclosing protected information, and not contracting appropriate personnel because of their racist leanings, hiring inappropriate resources to harm Athena's work, and causing Athena to incur in losses and unnecessary expenses.

38.     Such acts and omissions leading to the Defendants' breach of their duty to deal in good faith and fairly with and on behalf of Athena were the actual and proximate cause of harm to

Athena.

39.    Defendants' conduct was outrageous, with their acts being done with malice or bad motives or reckless indifference to the interests of Athena, to which they owed it a duty to act in good faith.

## VIII.   COUNT IV: FRAUDULENT INDUCEMENT TO ENTER CONTRACT

40.    Plaintiff repeats and incorporates all prior allegations.

41.    Defendants made false statements of material fact to Athena when it signed the Agreement for the purchase and purporting to sell 100% of the intellectual property, service agreements (implied, written, or otherwise), and all other assets of ROI and Accruvia, and the employment requirement for Mr. Overton to exclusive work for Athena, none which did happen.

42.    The representations made by Athena were in good faith.  However, Defendants made the statements and representations in the Agreement with malice and the knowledge they would not fulfill their obligations, thus making false statements of material facts.

43.    Athena reasonably and justifiably relied on the false statements made by Defendants who was induced to act and sign the Agreement presented.

44.    Finally, Athena has suffered damages estimated at no less than Three Million Dollars ($3,000,000.00) due to reliance on the false statements made by defendants.

## VI.    REQUESTS FOR RELIEF AND TRIAL BY JURY

45.    Plaintiff repeats and incorporates all prior allegations.

46.    Plaintiff demands that the instant action be tried before a jury.

47.    Wherefore, Athena requests from this Honorable Court that after the proper proceedings a judgment be issued against defendants, awarding Plaintiff as follows:

      a.    consequential and compensatory damages;

--

b.    punitive damages;

c.    attorney's fees and costs incurred in this action;

d.    pre-judgment and post-judgment interest at the highest lawful rates;

e.    injunctive relief to enjoin ROI, Accruvia and Overton from further jeopardizing Athena's confidential information; and

f.    such further relief, at law or in equity, to which it may be entitled and which this Court deems just and proper.

**RESPECTFULLY SUBMITTED.** this 7th day of February 2022.

_____/s/ *Ryan M. Cleys*_____
Ryan M. Cleys

Ryan M. Cleys
Illinois Bar #6326726
Cook County #62341
115 East Irving Park Rd. #936
Streamwood, IL 60107
(847) 217-7170
Rmcleys@gmail.com

IN THE CIRCUIT COURT OF
COOK COUNTY, ILLINOIS

ATHENA BITCOIN GLOBAL

*Plaintiff*

v.

SHAUN OVERTON, JANE DOE-
OVERTON, EACH INDIVIDUALLY
AND AS MEMBERS OF THE
CONJUGAL LEGAL PARTNERSHIP
CONSTITUTED BY BOTH; SHAUN
OVERTON in his Personal and Official
Capacity for ROI Developers, Inc.; ROI
DEVELOPERS, INC. D/B/A
ACCRUVIA; CORPORATIONS A, B
AND C; JOHN DOE; RACHEL DOE;
INSURANCE COMPANIES X, Y AND Z

*Defendants*

CIVIL NO.: _____

BREACH OF FIDUCIARY DUTIES;
BREACH OF CONTRACT;
INTENTIONAL AND TORTIOUS
INTERFERENCE; DAMAGES;
EQUITABLE RELIEF

PLAINTIFF DEMANDS
TRIAL BY JURY

## VERIFICATION BY CERTIFICATION

I, ERIC GRAVENGAARD, of legal age, and as Chief Executive Officer of Athena Bitcoin Global, solemnly attest under penalty of perjury that the statements set forth in this instrument are true and correct, except as to any matters which are stated to be on information and belief, and as to such matters the undersigned believes the same to be true.

In Winnetka, Illinois, this 4th th day of February 2022.

_____
ERIC GRAVENGAARD

# EXHIBIT 1



**ATHENA**
BITCOIN

**Term Sheet**

Dated: September 22, 2021

To: Shaun Overton
ROI Developers, Inc DBA Accruvia

Athena Bitcoin Global ("Purchaser") and Shaun Overton on behalf of himself and ROI Developers, Inc DBA Accruvia (jointly "Seller") arrived at a verbal agreement to enter into a binding Term Sheet this morning subject to regular and ordinary due diligence. h

    1. <u>Terms.</u> Subject to signing definitive agreements and due diligence, Purchaser will acquire certain assets on the terms listed on <u>Exhibit A.</u>

2.



    3. <u>Confidentiality.</u> All parties agree that the terms of this letter will be treated confidentially, except that the parties hereto may disclose this letter of intent to their respective legal and accounting advisors or y court order.

4.



agreed and approved;

e undersigned agrees to the above terms and conditions.

*[signature page follows]*



EXHIBIT A
## PURCHASE PRICE AND TERMS

**Purchased Assets and Purchase Price:** Purchaser shall purchase 100% of all intellectual property, service agreements (implied, written, or otherwise), and all other assets of Seller ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

**Payment Terms:** The amount of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ to Shaun Overton ▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Athena Bitcoin Global ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Should Shaun Overton pass away or become severely physically incapacitated prior to full vesting through no willful act of Shaun or his beneficiaries, his options will continue to vest. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

**Due Diligence:** ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

**Legal Documentation Date:** ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

**Targeted Closing Date:** ▮▮▮▮▮▮

**REPRESENTATIONS:**

**Purchaser:** ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Executive Compensation of ▮▮▮▮▮▮▮▮ annual is in line with a recently promoted senior executive with similar equity position as Seller.

**Seller:** Seller will not change ▮▮▮▮▮▮▮▮ without notifying Purchaser. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

**EMPLOYMENT AGREEMENT:** Shaun Overton, ▮▮▮▮▮▮▮▮▮▮▮▮ be granted a title commensurate with a leadership role on the technology team with a salary between ▮▮▮▮▮▮▮▮ Shaun will be afforded all standard ▮▮▮▮▮▮▮▮▮▮▮▮ he performs the role commensurate with his title.

**MISCELLANEOUS:** (1) Seller agrees to work exclusively with Purchaser for any of Purchaser's current or future clients (2) Seller agrees to be bound by Confidentiality and Non Disclosure Agreement sent forthwith

TERM SHEET
ROI Developers, Inc DBA Accruvia

Sincerely,

PURCHASER ATHENA BITCOIN GLOBAL, INC.

By: Eric Gravengaard
Title: CEO
Date: 9/22/2021

SELLER: Shaun Overton and ROI Developers, Inc DBA Accruvia

By: Shaun Overton
Title: on behalf of himself and ROI Developers, Inc DBA Accruvia
Date: 9/22/2021

EXHIBIT 2

_Shaun Overton_ de _40_ años de edad, _BK Sage Trail_ del domicilio de _Hurst_, Departamento de _Texas EE.UU._, con Documento Único de Identidad número: _637807652_, por este medio **OTORGO: I)** Que entre mi persona y la sociedad que gira bajo la denominación de "**ATHENA HOLDINGS EL SALVADOR, SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE**", abreviadamente "**AHES, S.A. DE C.V.**", ha existido una relación individual de trabajo desde el día _22/09/2021_ y en virtud de ello, he ejercido y continuaré ejerciendo mi cargo de _CTO_. Debido a ello, he tenido contacto, manejado y recibido información comercial de uso restringido y confidencial, de mercadeo, técnica, financiera, contable y legal, entre otras, de parte de "AHES, S.A. DE C.V.", así como de las personas que se relacionan con ésta. **II)** Que por lo antes expuesto, a través del presente me obligo a mantener en total confidencialidad la información que he recibido, manejado y dirigido o que de cualquier forma ha llegado a mi poder a lo largo de la relación laboral antes mencionada, incluyendo pero no limitado a lo siguiente: **a)** Información financiera, contable, industrial, comercial, de clientela, de mercadeo, estratégica, legal, técnica, y de otra índole generada o no generada por la sociedad para uso exclusivo del negocio, ya sea en forma verbal, digital o física; **b)** De cuentas y contraseñas de acceso a las aplicaciones computarizadas, correo electrónico, servicios bancarios, bases de datos, sistemas operativos, computadoras personales, equipos de comunicación, y otros dispositivos y servicios electrónicos que permita ganar acceso a recursos tangibles o intangibles de la sociedad; **c)** De cualquier otro documento o información que de alguna forma sea parte de los activos intangibles de "AHES, S.A. DE C.V." que son y serán recibidos por mi persona de cualquiera de los miembros, personeros, empleados, representantes legales, abogados y/o ejecutivos e incluso clientes de la sociedad mencionada, bajo el amparo de este instrumento, incluyendo documentos preliminares, notas, reportes, estudios, correspondencia, facsímiles y cualquier otra información transmitida por cualquier medio, será considerada por mi persona como confidencial. **III)** Que como consecuencia de la relación laboral que he mantenido y mantengo con "AHES, S.A. DE C.V.", considero y reconozco expresamente que toda la información relacionada es y será propiedad exclusiva de "AHES, S.A. DE C.V.", por lo que toda la información, incluyendo pero sin limitarse a la información comercial y confidencial, que haya sido revelada a mi persona en virtud de la relación laboral antes dicha y de toda aquella que tenga relevancia para "AHES, S.A. DE C.V." o para sus subsidiarias y demás entidades relacionadas con ésta, no será utilizada por mi persona por ningún motivo y para ningún fin, y que por lo tanto tomaré todas las medidas necesarias para mantener la confidencialidad de la información y evitar su pérdida o revelación a terceros. Asimismo, declaro que entiendo que toda la información recibida tiene carácter de "secreto empresarial", por tener un valor comercial y por haberla tenido reservada "AHES, S.A. DE C.V." para uso exclusivo

como información restringida. Por lo que queda entendido que "ATHENA HOLDINGS EL SALVADOR, SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE" tendrá el derecho de exigirme verbalmente o por escrito en cualquier momento que la información restringida, confidencial o interna de la sociedad que se encuentre en mi poder sea destruida o devuelta, independientemente de que tal información se haya entregado antes de esta fecha. IV) Que expresamente asumo bajo mi responsabilidad cualquier pérdida, robo, destrucción y/o mala utilización de toda información propiedad de "AHES, S.A. DE C.V." que esté contenida dentro de ordenadores personales que no sean propiedad de "AHES, S.A. DE C.V.", así como toda información que haya sido extraída o sea extraída en un futuro por mi persona a través de dispositivos de almacenamiento magnéticos, discos compactos, llaves usb, remisión de la misma hacia correo electrónico personal, divulgaciones en redes sociales, plataformas digitales, demás dispositivos tales como celulares, tablets, o a través de cualquier otra tecnología. De forma inequívoca me obligo a no tomar fotografías de equipos, materiales, insumos, estructuras, espacios, inmuebles, ni ningún otro signo distintivo, comercial ni logos que estuvieren en propiedad o mera tenencia, pero en definitiva vinculados a "AHES, S.A. DE C.V.", ni a divulgar en cualquier medio físico o digital ninguna fotografía o contenido relacionado a la operación y actividad económica de "AHES, S.A. DE C.V.". También me obligo a no sustraer ninguna herramienta de trabajo o bienes muebles que estén en propiedad o tenencia por parte de "AHES, S.A. DE C.V., S.A. DE C.V." y que sean parte de el desarrollo, manejo y operación de la actividad económica de dicha sociedad, independientemente del objeto y valor del que se trate. Por lo tanto, asumo el riesgo de responder por los daños y perjuicios causados a "ATHENA HOLDINGS EL SALVADOR, SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, S.A. DE C.V.", y/o a sus clientes, derivados del incumplimiento de cualquier de las obligaciones y declaraciones contenidas en el presente instrumento. V) Que las declaraciones hechas a través de la presente y la obligación de reserva de confidencialidad imbíbto en tales declaraciones se encuentran vigentes a esta fecha y continuarán estándolo, incluso aun dada por terminada dicha relación laboral, sin límite de tiempo e independientemente del motivo que provocare dicha finalización del vínculo. Finalmente, manifiesto que, en caso de incumplimiento de las obligaciones contenidas en la presente declaración, seré responsable civil y penalmente frente a "ATHENA HOLDINGS EL SALVADOR, SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE.", o los clientes de ésta que se vean afectados como consecuencia de mi incumplimiento; en tal virtud "ATHENA HOLDINGS EL SALVADOR, SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE", podrá seguir en mi contra todas las acciones legales a que dicho incumplimiento diere lugar, particularmente el resarcimiento de los daños y perjuicios causados, respondiendo económicamente hasta por la cantidad de Treinta Mil Dólares de los Estados Unidos de América o moneda de curso legal. VI) Que para los efectos legales de la interpretación de la presente declaración expresamente, me someto al ordenamiento jurídico de la República de El Salvador y a sus tribunales judiciales. En fe de lo cual

firmo el presente documento en la ciudad de San Salvador, Departamento de San Salvador, el día ___22___ del mes de _Septiembre_ del año dos mil veintiuno. -

Firma: _____

En la ciudad de San Salvador, Departamento de San Salvador, a las __4:17__ horas y _____ minutos del día _Wednesday_ _____ del mes de _September_ _____ de dos mil veintiuno. Ante mí, JUAN CARLOS PREZA SALINAS, Notario, del domicilio de San Salvador, Departamento de San Salvador, comparece _____, de __45__ años de edad, _1917 Jose Trail_, del domicilio de _Hurst_, Departamento de _Texas EE. UU._, a quien no conozco pero identifico por medio de su Documento Único de Identidad número: _673807652_ _____, y ME DICE: Que reconoce como suya la firma que se encuentra al calce del anterior documento, así como las declaraciones y obligaciones contenidas en él, por haber sido suscrito en esta ciudad, este mismo día, mes y año, que literalmente **DICE**: """"""**I)** Que entre mi persona y la sociedad que gira bajo la denominación de "**ATHENA HOLDINGS EL SALVADOR, SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE**", abreviadamente "**AHES, S.A. DE C.V.**", ha existido una relación individual de trabajo desde el día _22-09-21_ _____ y en virtud de ello, he ejercido y continuaré ejerciendo mi cargo de _CTO_ _____. Debido a ello, he tenido contacto, manejado y recibido información comercial de uso restringido y confidencial, de mercadeo, técnica, financiera, contable y legal, entre otras, de parte de "AHES, S.A. DE C.V.", así como de las personas que se relacionan con ésta. **II)** Que por lo antes expuesto, a través del presente me obligo a mantener en total confidencialidad la información que he recibido, manejado y dirigido o que de cualquier forma ha llegado a mi poder a lo largo de la relación laboral antes mencionada, incluyendo pero no limitado a lo siguiente: a) información financiera, contable, industrial, comercial, de clientela, de mercadeo, estratégica, legal, técnica, y de otra índole generada o no generada por la sociedad para uso exclusivo del negocio, ya sea en forma verbal, digital o física; b) De cuentas y contraseñas de acceso a las aplicaciones computarizadas, correo electrónico, servicios bancarios, bases de datos, sistemas operativos, computadoras personales, equipos de comunicación, y otros dispositivos y servicios electrónicos que permita ganar acceso a recursos tangibles o intangibles de la sociedad; c) De cualquier otro documento o información que de alguna forma sea parte de los activos intangibles de "AHES, S.A. DE C.V." que son y serán recibidos por mi persona de cualquiera de los miembros, personeros, empleados, representantes legales, abogados y/o ejecutivos e incluso

clientes de la sociedad mencionada, bajo el amparo de este instrumento, incluyendo documentos preliminares, notas, reportes, estudios, correspondencia, facsímiles y cualquier otra información transmitida por cualquier medio, será considerada por mi persona como confidencial. III) Que como consecuencia de la relación laboral que he mantenido y mantengo con "AHES, S.A. DE C.V.", considero y reconozco expresamente que toda la información relacionada es y será propiedad exclusiva de "AHES, S.A. DE C.V.", por lo que toda la información, incluyendo pero sin limitarse a la información comercial y confidencial, que haya sido revelada a mi persona en virtud de la relación laboral antes dicha y de toda aquella que tenga relevancia para "AHES, S.A. DE C.V." o para sus subsidiarias y demás entidades relacionadas con ésta, no será utilizada por mi persona por ningún motivo y para ningún fin, y que por lo tanto tomaré todas las medidas necesarias para mantener la confidencialidad de la información y evitar su pérdida o revelación a terceros. Asimismo, declaro que entiendo que toda la información recibida tiene carácter de "secreto empresarial", por tener un valor comercial y por haberla tenido reservada "AHES, S.A. DE C.V." para uso exclusivo como información restringida. Por lo que queda entendido que "ATHENA HOLDINGS EL SALVADOR, SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE" tendrá el derecho de exigirme verbalmente o por escrito en cualquier momento que la información restringida, confidencial o interna de la sociedad que se encuentre en mi poder sea destruida o devuelta, independientemente de que tal información se haya entregado antes de esta fecha. IV) Que expresamente asumo bajo mi responsabilidad cualquier pérdida, robo, destrucción y/o mala utilización de toda información propiedad de "AHES, S.A. DE C.V." que esté contenida dentro de ordenadores personales que no sean propiedad de "AHES, S.A. DE C.V.", así como toda información que haya sido extraída o sea extraída en un futuro por mi persona a través de dispositivos de almacenamiento magnéticos, discos compactos, llaves usb, remisión de la misma hacia correo electrónico personal, divulgaciones en redes sociales, plataformas digitales, demás dispositivos tales como celulares, tablets, o a través de cualquier otra tecnología. De forma inequívoca me obligo a no tomar fotografías de equipos, materiales, insumos, estructuras, espacios, inmuebles, ni ningún otro signo distintivo, comercial ni logos que estuvieren en propiedad o mera tenencia, pero en definitiva vinculados a "AHES, S.A. DE C.V.", ni a divulgar en cualquier medio físico o digital ninguna fotografía o contenido relacionado a la operación y actividad económica de "AHES, S.A. DE C.V.". También me obligo a no sustraer ninguna herramienta de trabajo o bienes muebles que estén en propiedad o tenencia por parte de "AHES, S.A. DE C.V., S.A. DE C.V." y que sean parte de el desarrollo, manejo y operación de la actividad económica de dicha sociedad, independientemente del objeto y valor del que se trate. Por lo tanto, asumo el riesgo de responder por los daños y perjuicios causados a "ATHENA HOLDINGS EL SALVADOR, SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, S.A. DE C.V.", y/o a sus clientes, derivados del incumplimiento de cualquier de las obligaciones y declaraciones contenidas en el presente instrumento. V) Que

las declaraciones hechas a través de la presente y la obligación de reserva de confidencialidad imbíbita en tales declaraciones se encuentran vigentes a esta fecha y continuarán estándolo, incluso aun dada por terminada dicha relación laboral, sin límite de tiempo e independientemente del motivo que provocare dicha finalización del vínculo. Finalmente, manifiesto que, en caso de incumplimiento de las obligaciones contenidas en la presente declaración, seré responsable civil y penalmente frente a "ATHENA HOLDINGS EL SALVADOR, SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE.", o los clientes de ésta que se vean afectados como consecuencia de mi incumplimiento; en tal virtud "ATHENA HOLDINGS EL SALVADOR, SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE", podrá seguir en mi contra todas las acciones legales a que dicho incumplimiento diere lugar, particularmente el resarcimiento de los daños y perjuicios causados, respondiendo económicamente hasta por la cantidad de Treinta Mil Dólares de los Estados Unidos de América o moneda de curso legal. **VI)** Que para los efectos legales de la interpretación de la presente declaración expresamente, me someto al ordenamiento jurídico de la República de El Salvador y a sus tribunales judiciales. """""" Y yo, el suscrito Notario, **DOY FE:** Que la firma que aparece al final del anterior documento es auténtica, por haber sido puesta de su puño y letra y a mi presencia por el compareciente. Así se expresó el compareciente, a quién expliqué los efectos legales de la presente acta notarial, que consta de dos folios útiles; y leída que le fue por mí íntegramente, en un solo acto ininterrumpido, ratifica su contenido y para constancia firma conmigo. **DOY FE.** –



Firma:

