**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **ATHENA BITCOIN GLOBAL** | **CASE NO.: 1:22-CV-01291** |
| *PLAINTIFF* | HON. SARA L. ELLIS |
| **v.** | COOK COUNTY CASE NO. 2022CH01062 |
| **SHAUN OVERTON; ET AL.** | |
| *DEFENDANTS* | |

**MEMORANDUM OF LAW IN SUPPORT OF RESPONSE IN OPPOSITION TO
MOTION TO DISMISS ALL DEFENDANTS PURSUANT TO RULE 12(b)(2) AND TO
DISMISS NEIDY OVERTON PURSUANT TO RULE 12(b)(6)**

## TABLE OF CONTENTS

I.    INTRODUCTION ................................................................................................. - 5 -

II.  PRELIMINARY STATEMENT ......................................................................... - 6 -

III.   STANDARD OF REVIEW & APPLICABLE LAW .......................................... - 7 -

      1) **Federal Rule of Civil Procedure 12(b)(2)**     -5-
      2) **Federal Rule of Civil Procedure 12(b)(6)**     -7-

IV.   ARGUMENT ...................................................................................................... - 10 -

      1) **The Court has Personal Jurisdiction Over All Defendants**     -8-
      2) **Defendant Neidy Overton is an Indispensable Party**     -10-

V.  **CONCLUSION** ................................................................................................ - 14 -

## TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ........................................................................................ - 10 -

*Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007) ......................................................................... - 10 -

Burger *King Corp. v. Rudzewicz,* 471 U.S. 462 (1985) ............................................................ -8, 9, 11 -

*Calder v. Jones*, 465 U.S. 783 (1984) .............................................................................................. - 8 -

*Citadel Group Ltd. v. Washington Reg'l Med. Ctr.*, 536 F.3d 757 (7th Cir. 2008) .......................... - 9 -

*Cooper v. Texas Gulf Industries, Inc.*, 513 S.W.2d 200 (Tex. 1974) .......................................... - 13 -

*Daimler AG v. Bauman*, 571 U.S. 117 (2014) .............................................................................. - 12 -

*Felland v. Clifton*, 682 F.3d 665 (7th Cir. 2012) ........................................................................ - 7, 12 -

*Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009) ......................................................... - 10 -

*Hanson v. Denckla*, 357 U.S. 235 (1958) ....................................................................................... - 8 -

*Hyatt Int'l Corp. v. Coco*, 302 F.3d 707 (7th Cir. 2002) ................................................................ - 9 -

*Illinois v. Hemi Group LLC*, 622 F.3d 754 (7th Cir. 2010) ....................................................... - 7, 12 -

*International Shoe Co. v. Washington*, 326 U.S. 310 (1945) ........................................................ - 8 -

*Jay E. Hayden Found. v. First Neighbor Bank, N.A.*, 610 F.3d 382 (7th Cir. 2010) ..................... - 8 -

*Kinslow v. Pullara*, 538 F.3d 687 (7th Cir. 2008) .......................................................................... - 9 -

*Meade v. Moraine Valley Cmty. Coll.*, 770 F.3d 680 (7th Cir. 2014) ........................................... - 8 -

*Milliken v. Meyer*, 311 U.S. 457 (1940) .......................................................................................... - 8 -

*Mitek Corp. v. Diedrich*, 18 C 1453 (N.D. Ill. Oct. 18, 2018) ....................................................... - 7 -

*Mobile Anesthesiologists v. Anesthesia Assoc*, 623 F.3d 440 (7th Cir. 2010) .............................. - 9 -

*Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773 (7th Cir. 2003) ..................... - 7 -

*Rogan v. Cnty, of Lawrence, Pa.*, 2013 WL 3369146 (W.D. Pa. July 2, 2013) ......................... - 10 -

*Rollins v. Ellwood*, 565 N.E.2d 1302 (1990) ................................................................................. - 9 -

*Sabados v. Planned Parent-hood of Greater Indiana*, 882 N.E.2d 121 (2007) ............................ - 9 -

*Tamburo v. Dworkin*, 601 F.3d 693 (7th Cir. 2010) ...................................................................... - 8 -

*Tate v. Philly Shipyard, Inc.*, 2020 WL 2306326 (E.D. Pa. Apr. 16, 2020) .............................. - 10 -

*uBID, Inc. v. GoDaddy Grp.,* 623 F.3d 421 (7th Cir. 2010) ........................................................ - 12 -

*Walden v. Fiore*, 571 U.S. 277 (2014) .......................................................................................... - 12 -

*World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980) ................................................ - 8 -

**Statutes**

Fed.R.Civ.P. 19 ....................................................................................................................... - 13 -

Tex. Fam. Code Ann. § 3.001 ............................................................................................... - 14 -

**Other Authorities**

*Family Code Section 5.22 Abolishes Virtual Representation Between Spouses: Rule 39 of the Texas Rules of Civil Procedure Substantially Eliminates the Class of Jurisdictionally Indispensable Persons, Cooper v. Texas Gulf Industries, Inc.*, 52 Tex. L. Rev. 1410, 1413 (1974) ............................................................... - 13 -

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| **ATHENA BITCOIN GLOBAL** | **CASE NO.: 1:22-CV-01291** |
| *PLAINTIFF* | HON. SARA L. ELLIS |
| **v.** | COOK COUNTY CASE NO. 2022CH01062 |
| **SHAUN OVERTON; ET AL.** | |
| *DEFENDANTS* | |

## MEMORANDUM OF LAW IN SUPPORT OF RESPONSE IN OPPOSITION TO MOTION TO DISMISS ALL DEFENDANTS PURSUANT TO RULE 12(b)(2) AND TO DISMISS NEIDY OVERTON PURSUANT TO RULE 12(b)(6)

TO THE HONORABLE COURT:

COME NOW Plaintiff Athena Bitcoin Global (hereinafter "Athena Bitcoin"), through the undersigned attorneys, and very respectfully submits its response in opposition to motion to dismiss all defendants pursuant to Rule 12(b)(2) and to dismiss Neidy Overton pursuant to Rule 12(b)(6) and its Memorandum of Law in Support (Dockets 11-13).

## I.   INTRODUCTION

All defendants, after removing to this Court a case originally filed before the Chancery Division of Cook County, have requested this Court to dismiss this case in its entirety alleging a lack of personal jurisdiction over all defendants and, additionally, for failure to state a claim upon which relief can be granted with regards to Jane Doe-Overton who has been identified as Neidy Overton. However, as it is to be explained, all of Defendant's contentions hold no ground and should, therefore, be denied.

## II.    PRELIMINARY STATEMENT

Defendant ROI Developers, Inc. d/b/a Accruvia is a Texas corporation which truly initiated operations back on November 17, 2010, as Onestepremoved.com Inc. ("Onestepremoved"). From the outset its registered agent was identified as here named defendant, Shaun Overton. *See* Exhibit 1 (Certificate of Formation For-Profit Corporation). The Taxpayer number for Onestepremoved is 32043053555. *See* Exhibit 2 (Texas Franchise Tax Public Information Report for Report Year 2011).

On July 22, 2019, Onestepremoved filed with the Secretary of State of Texas a first Certificate of Amendment to name to change it to Engineer ROI, Inc. *See* Exhibit 3 (Certificate of Amendment). Not too long after, on December 5, 2019, a second Certificate of Amendment to name was again filed in order to change the name to ROI Developers, Inc. *See* Exhibit 4 (Certificate of Amendment).

On July 21, 2021, ROI Developers, Inc., files with the Secretary of State of Texas an Assumed Name Certificate identifying Accruvia as such name. *See* Exhibit 5 (Assumed Name Certificate for Filing with the Secretary of State).

Notwithstanding all these amendments, ending in a third name and the assumption, Onestepremoved now known as ROI Developers, Inc., doing business as Accruvia, its Tax number has always remained the same. That is 32043053555, so it is the same person throughout all pertinent times and at present. Furthermore, the registered agent was and continues to be Shaun Overton. *See* Exhibit 6 (Texas Franchise Tax Public Information Report for Report Year 2021) and Docket 13-2, ¶1. The same individual who is a resident of Hurst, Texas and is married to Neidy Overton. *See* Docket 13-2, ¶2.

Having established the above, ROI Developers, Inc., d/b/a Accruvia entered into a Term Sheet with certain terms and conditions with Athena Bitcoin knowing that its principal place of business is in Illinois. But even if somehow in this day and age that were in doubt, undisputedly the

defendant also invoiced for "services rendered" to Plaintiff. *See* Exhibits 7, 8, 9 & 10 (Athena Bitcoin's Company Information webpage and Invoices by Defendant). Finally, and as evinced in defendant's own website, voluntary testimonials confirm that Defendant has provided services to Illinois residents, thus (1) having direct contact with the state; (2) while also having a contract with residents of the state. *See* Exhibit 11 (Testimonials at pages 7, 8-9).

As set forth above and to be further explained below, Plaintiff meets the threshold to go forward with its claims and therefore Defendants Motion to Dismiss under Rule 12(b)(2) & (6) fails to demonstrate that any of the defendants is entitled to the relief requested because Defendants have maintained sufficient minimum contacts to afford this Court specific jurisdiction over them. <u>See</u> *Illinois v. Hemi Group LLC*, 622 F.3d 754 (7th Cir. 2010); *Mitek Corp. v. Diedrich*, 18 C 1453 (N.D. Ill. Oct. 18, 2018).

And, as to Neidy Overton, she is an indispensable party to this case for the tortious acts incurred by her husband, codefendant Shaun Overton.

## III. STANDARD OF REVIEW & APPLICABLE LAW

### 1) Federal Rule of Civil Procedure 12(b)(2)

In resolving a Rule 12(b)(2) motion, the court considers the complaint's well-pleaded allegations and the evidentiary materials submitted by both sides. As no party has requested an evidentiary hearing, the court must accept plaintiff's factual averments and resolve all factual disputes in its favor. <u>See</u> *Felland v. Clifton*, 682 F.3d 665, 672 (7th Cir. 2012) ("[W]here, as here, the issue [of personal jurisdiction] is raised on a motion to dismiss, the plaintiff need only make a *prima facie* showing of jurisdictional facts. We therefore accept as true all well-pleaded facts alleged in the complaint and resolve any factual disputes ... in favor of the plaintiff.") (citation omitted); *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782-83 (7th Cir. 2003). The facts are set forth as

favorably to Athena Bitcoin as those materials allow.  *See Meade v. Moraine Valley Cmty. Coll.*, 770 F.3d 680, 682 (7th Cir. 2014).  In setting forth the facts at this stage, the court does not vouch for their accuracy.  *See Jay E. Hayden Found. v. First Neighbor Bank, N.A.*, 610 F.3d 382, 384 (7th Cir. 2010).

It has been the Supreme Court's well-established interpretation of the Fourteenth Amendment's regarding the due process clause, that a defendant is subject to personal jurisdiction in a particular state only if the defendant had "certain minimum contacts with it such that the maintenance of the suit does not offend `traditional notions of fair play and substantial justice.'"  *See International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945), quoting *Milliken v. Meyer*, 311 U.S. 457, 463, 61 S.Ct. 339, 85 L.Ed. 278 (1940).  It is unconstitutional to force a defendant to appear in a distant court unless it has done something that should make it "reasonably anticipate being haled into court there."  *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985), quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 295, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980).  The Court has also framed the constitutional inquiry in terms of whether the defendant "purposefully avails itself" of the benefits and protections of conducting activities in the forum state.  *See Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958).

Personal jurisdiction can be general or specific, depending on the extent of the defendant's contacts.  *See Tamburo v. Dworkin*, 601 F.3d 693, 701 (7th Cir. 2010).

The Supreme Court has held that constitutionally sufficient contacts can be imputed to a defendant if the defendant is accused of committing an intentional tort by actions that are "expressly aimed" at the forum state.  *See Calder v. Jones*, 465 U.S. 783, 789-90, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984).  The outcome in *Calder* was tied closely to its facts: Florida citizens who lacked sufficient contacts with California were nonetheless subject to personal jurisdiction in California because they

published an allegedly libelous story about a California resident where the sources were all in California and "the brunt of the harm" was suffered by the plaintiff in California. *Id.* The Supreme Court emphasized that the defendants' actions were not the product of "mere untargeted negligence," *id.* at 789, 104 S.Ct. 1482, but rather were "calculated to cause injury to respondent in California," *id.* at 791, 104 S.Ct. 1482. *See*, also, *Mobile Anesthesiologists v. Anesthesia Assoc*, 623 F.3d 440, 444-45 (7th Cir. 2010).

However, personal jurisdiction cannot be avoided simply because "the defendant did not physically enter the forum State." *See* Burger *King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985). Once a court finds that a defendant had established minimum contacts with a forum, it must determine "whether the assertion of personal jurisdiction would comport with 'fair play and substantial justice.'" *Burger King*, 471 U.S. at 476 (quoting *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 320 (1954)).

For that, the Illinois Constitution allows a state court to exercise personal jurisdiction "only where it is fair, just, and reasonable . . . considering the quality and nature of the defendant's acts which occur in Illinois, or which affect interests located in Illinois." *See Citadel Group Ltd. v. Washington Reg'l Med, Ctr.*, 536 F.3d 757, 761 (7th Cir. 2008). Although the Illinois Supreme Court has stated that "the scope of Illinois's long-arm statute may not be coextensive with the jurisdictional aspect of the Federal due process clause in any particular situation," *Rollins v. Ellwood*, 141 Ill.2d 244, 152 Ill. Dec. 384, 565 N.E.2d 1302, 1315 (1990), subsequent courts have noted that no case has yet arisen where federal due process would allow the exercise of personal jurisdiction over a defendant but the Illinois Constitution would not. *See Kinslow v. Pullara*, 538 F.3d 687, 691 (7th Cir. 2008); *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 715-16 (7th Cir. 2002); *Sabados v. Planned Parent-hood of Greater Indiana*, 378 Ill.App.3d 243, 317 Ill. Dec. 547, 882 N.E.2d 121, 125 (2007) n. 2.

### 2) Federal Rule of Civil Procedure 12(b)(6)

When reviewing a Rule 12(b)(6) motion to dismiss, district courts must first separate legal conclusions from factual allegations. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Legal conclusions should be discarded, and well-pleaded facts given the deference of truth. *Id.* at 210-11. Courts must then determine whether the well-pleaded facts state a "plausible claim for relief." *Id.* at 211. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, [will] not suffice." *Iqbal*, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 556 (2007)). "In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." *Fowler*, 578 F.3d at 211.

When adjudicating a motion to dismiss under Rule 12(b)(6), courts may consider the allegations contained in the complaint, as well as "matters of public record and other matters of which a court may take judicial notice, court orders, and exhibits attached to the complaint []." *See, Rogan v. Cnty, of Lawrence, Pa.*, No. 12-1375, 2013 WL 3369146, at *4 (W.D. Pa. July 2, 2013) (citations omitted). *See, e.g., Tate v. Philly Shipyard, Inc.*, No. 19-5076, 2020 WL 2306326, at *1 (E.D. Pa. Apr. 16, 2020).")

## IV. ARGUMENT

### 1) The Court has Personal Jurisdiction Over All Defendants.

On or about September 22, 2021, defendants Shaun Overton and ROI Developers, Inc. d/b/a Accruvia (jointly "Sellers"), signed and executed a Term Sheet with Athena Bitcoin. Mister Overton is a married individual with Neidy Overton, and both reside in Texas. There has been no allegation by Mr. & Ms. Overton of being party to a pre-nuptial agreement.

Going back to the Term Sheet it was agreed, *inter alia*, that Athena Bitcoin would acquire from Sellers 100% of all intellectual property, service agreements (implied, written or otherwise), and all other assets of Sellers. A purchase price was struck along with a targeted closing date in October 2021. To cap it off, Mr. Overton was offered an employment agreement with purchaser, Athena Bitcoin, with a salary commensurate to similar senior executives. <u>See</u> Docket 1-2, pages 13-15. It could only be catalogued as disingenuous to claim that Sellers, and Mr. Overton as a C-Suite executive, did not know that Athena Bitcoin operates and has its principal place of business in Illinois. Indeed, that is not the case here since doing so would be a frivolous argument.

But supposing Sellers ignored who Athena Bitcoin is, for defendants that specialize in providing services via internet, a most basic due dilligence in verifying who they were signing the Term Sheet with would reveal that Athena Bitcoin operates in Illinois, that it has its principal place of business in this State, and thus the consequence of becoming subject to this jurisdiction. <u>See</u> www.athenabitcoin.com and Exhibit 7. Also, see www.accruvia.com & Exhibit 12 (Contacts for Onestepremoved).

Much like it has been already decided since *Burger King Corp. v. Rudzewics*, 471 U.S. 462 (1985), this District Court (a) can assert specific jurisdiction over Defendants because the injury being claimed in the Verified Complaint arises out of and relates to actions by the Defendants themselves that were purposefully directed toward Athena Bitcoin, and where jurisdiction does not otherwise offend "fair play and substantial justice." Jurisdiction in these circumstances may not be avoided merely because the Defendants did not physically enter the forum. (b) The negotiation and contents of the Term Sheet even though entered into in another jurisdiction, clearly contemplated at the present and future consequences not only of the acquisition by Athena Bitcoin but also of Mr. Overton becoming a senior executive employee of Plaintiff. Thereby Defendants purposefully establishing minimum

contacts within this forum. *Id.*, pages 478-479. (c) Last, Defendants are experienced and sophisticated business entity and individuals who were not acting under economic duress or disadvantage.

To top it all off, first, Defendants provided and billed for "services rendered" to Athena Bitcoin. *See* Exhibits 8, 9 & 10. And, second, it is undeniable from Defendant's own webpage, that they have entered into and provided other services in Illinois. *See* Exhibit 11, pages 7, 8-9. Therefore, surpassing that threshold required in *Walden v. Fiore*, 571 U.S. 277, 134 S.Ct. 1115 (2014), that Defendants contact with this jurisdiction is not limited to those pertaining Athena Bitcoin. Indeed, Defendants have done business in Illinois with other individuals.

True enough, by selling any services or products in Illinois, Defendants purposefully availed themselves of the privilege of doing business in Illinois. *See Daimler AG v. Bauman*, 571 U.S. 117, 135 n.13 (2014) ("[A] corporation can purposefully avail itself of a forum by directing its agents or distributors to take action there."); *uBID*, *Inc. v. GoDaddy Grp.*, 623 F.3d 421, 429 (7th Cir. 2010) ("GoDaddy purposefully availed itself of the Illinois market for its services through its deliberate and continuous exploitation of that market."); *Illinois v. Hemi Grp. LLC*, 622 F.3d 754, 758 (7th Cir. 2010) (same, where the defendant "knowingly … d[id] business with Illinois residents"). "For the court to exercise specific jurisdiction over [Defendants]," however, "[Athena Bitcoin's] claims must arise out of [Defendant's] contacts with Illinois." *Hemi Grp.*, 622 F.3d at 759. That requirement demands a causal connection between Defendant's activities in Illinois, on the one hand, and the injury Athena Bitcoin suffered from the breach of Defendant's contract and violations of fiduciary duties, intend to defraud, and others. *See Felland v. Clifton*, 682 F.3d 665, 676-77 (7th Cir. 2012).

**2) Defendant Neidy Overton is an Indispensable Party**

As is readily admitted by codefendant Neidy Overton, she is married to Shaun Overton and both reside in Hurst, Texas. Ms. Overton has been included not only for any conjugal partnership

she may form with Mr. Overton, but also individually. Therefore, and in accordance with Rule 19 of

the Fed.R.Civ.P. that tells us in pertinent part:

> (a) Persons Required to Be Joined if Feasible.
>   (1) *Required Party.* A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>       (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>       (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>           (i) as a practical matter impair or impede the person's ability to protect the interest; or
>           (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Texas' Rule 39 of Civil Procedure regarding joinder of persons needed for just adjudication is

substantially same, if not identical.

Ms. Overton benefits from the actions performed by Mr. Overton. Likewise, Ms. Overton is

to suffer the consequences from the willful negligent actions incurred by Mr. Overton like the ones

alleged by Athena Bitcoin.

In Texas, it has long been established by its Supreme Court that as a community property

state, and since that state's law removed the husband's sole right to manage the community, the basis

for virtual representation had disappeared. Each spouse had the same rights and, since long ago, there

is no basis for the virtual representation theory. *See Cooper v. Texas Gulf Industries, Inc.*, 513 S.W.2d 200

(Tex. 1974) (a judgment to which one spouse is a party no longer binds the other under the doctrine

of virtual representation). *See* Kyle W. Rost, Note, *Family Code Section 5.22 Abolishes Virtual Representation*

*Between Spouses: Rule 39 of the Texas Rules of Civil Procedure Substantially Eliminates the Class of Jurisdictionally*

*Indispensable Persons, Cooper v. Texas Gulf Industries, Inc.*, 52 Tex. L. Rev. 1410, 1413 (1974).

Therefore, and in accordance with what is the right of Ms. Overton to be a part of the proceedings, she is an indispensable party.

Additionally, there is no allegation by Ms. Overton availing herself of the benefit of separate property. That is, as in other community property states, Texas also recognizes the existence of separate property. This includes all property owned prior to marriage, property acquired during marriage by gift or inheritance, and the recovery for personal injuries sustained by the spouse during marriage, except any recovery for loss of earning capacity during marriage. Neither spouse has an interest in the other spouse's separate property. *See* Tex. Fam. Code Ann. § 3.001. But, again, that is not the case here.

Finally, Ms. Overton does not claim to have entered into a prenuptial agreement that could afford her that independence of having to share in the responsibility of Mr. Overton's negligent actions.

Therefore, for all the malfeasances incurred by Mr. Overton, as alleged by Athena Bitcoin, Ms. Overton would respond with her share of what is owned by her as part of the conjugal legal partnership, as part of the community property with Mr. Overton, or individually. As both, Mr. & Ms. Overton have been served and are participating in this case, the title or the name is not what is important. But rather they both have been provided due notice by Athena Bitcoin for their due process and can defend themselves of what is claimed. That way, when Athena Bitcoin prevails, it can validate the judgment in the jurisdiction of the State of Texas and leaves no room for an allegation that an indispensable party was not included in this action.

## V.    CONCLUSION

WHEREFORE, for the reasons stated above, it is respectfully requested that Defendant's motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(2) & (6) be denied.

- 14 -

Dated: April 29, 2022

**RESPECTFULLY SUBMITTED**

**s/ Ryam M. Clays**
**Ryan M. Clays, Esq.**
115 East Irving Park Rd., #936
Streamwood, IL 60107
Tel.    (847) 217-7170
Email:  rmcleys@gmail.com

**_s/ Antoni Valiente_**
**Antonio Valiente, Esq. (PHV)**
USDC-DPR No. 213906
Santa Maria Dev.
93 Romerillo St.
San Juan, PR 00927-6624
Tel.    (787) 567-1234
Email:  antonio@athenabitcoin.com
            lcdoavaliente@live.com

**ATTORNEYS FOR PLAINTIFF**
**ATHENA BITCOIN GLOBAL**

**CERTIFICATE OF SERVICE**

        The undersigned hereby certifies that on April  29, 2022, I caused to be served a copy of the foregoing Memorandum of Law in Support of Response to Opposition to Motion to Dismiss All Defendants Pursuant to Rule 12(b)(2) and to Dismiss Neidy Overton Pursuant to Rule 12(b)(6) on the following counsel of record by email:

Holly A. Harrison (hollyharrison@hlawllc.com)
Katie J. Colopy (katiecolopy@hlawllc.com)
Michael L. Rice (mikerice@hlawllc.com)
HARRISON LAW LLC
141 W. Jackson Blvd.
Suite 2055
Chicago, IL 60604
Tel.    (312) 638-8776

**_s/ Antonio Valiente_**
**Antonio Valiente, Esq.**
_Pro Hac Vice_