**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **ATHENA BITCOIN GLOBAL** | **CASE NO.: 1:22-cv-01291** |
| *Plaintiff* | |
| v. | **Hon. Sara L. Ellis** |
| **SHAUN OVERTON, ET AL.** | Cook County Case No. 2022CH01062 |
| *Defendants* | |

**JOINT INITIAL STATUS REPORT**

**TO THE HONORABLE COURT:**

Come now the parties herein, represented by their undersigned attorneys and, in compliance with the Court's Notification of Docket Entry No. ("Dkt.") 10, and hereby submit their proposed [Joint] Initial Status Report as follows:

1. **The Nature of the Case:**

    A. **Counsel:**
    Ryan M. Clays, Esq.  
    115 East Irving Park Rd., #936  
    Streamwood, IL 60107  
    Tel.(847) 217-7170  
    Email: rmcleys@gmail.com

    **Antonio Valiente, Esq.**  
    93 Calle Romerillo  
    Urb. Santa Maria  
    San Juan, PR 00927-6624  
    Tel.(787) 567-1234  
    Email: antonio@athenabitcoin.com  
    *Admitted Pro Hac Vice*  
    **Counsel for Plaintiff**

    Holly Harrison (lead trial attorney)  
    hollyharrison@hlawllc.com  
    Katie Colopy  
    katiecolopy@hlawllc.com  
    Michael Rice  
    mikerice@hlawllc.com  
    Harrison Law LLC  
    141 W. Jackson Blvd., Suite 2055  
    Chicago, IL 60604  
    (312) 638-8776  
    **Counsel for Defendants**

    B. **Brief Description of the Claims Asserted in the Complaint.**

1

1. <u>Plaintiff's Description</u>: In the month of September, while Plaintiff Athena Bitcoin Global ("Athena"), was providing services in the Republic of El Salvador in accordance with its "Bitcoin Law", it entered into a Term Sheet with Defendants ROI Developers, Inc. d/b/a Accruvia and Shaun Overton whereby it would acquire the first, and provide employment to the second equivalent to a "C-Suite" position. Defendants Overton and Accruvia additionally executed a Non-Disclosure Agreement ("NDA") for their work directly for Athena at the corporate level, with headquarters in Illinois. With that in place, Overton began to work as such and Accruvia to provide certain services to Athena. However, the true intention of Defendants was to sabotage the business relationship that Athena had in place with the Government of El Salvador ("GOES").

As example of this was Overton's recruitment of personnel which lacked the ability to perform basic necessary and required tasks, while also charging unreasonable amounts. Second, Overton's personal discriminatory attitudes shunning capable individuals just because of their race and/or origin. Finally, and to top it off, Accruvia and Overton made business overtures to GOES with the willful intent of causing damages to Athena by attempting to convince GOES to cancel the agreement with Athena so that they would instead be hired.

These intentional damaging actions by Accruvia, Overton and of which the community property that Neidy Overton is a part of, caused economic damages to Athena who was in the midst of negotiations for another agreement for services that did not materialize because of Defendants actions. These actions of Accruvia and Overton, who owed a duty of loyalty while performing work for Athena violated fiduciary duties to perform and behave in the best interests of Athena. Not against it. Furthermore, these actions of Defendants demonstrate bad faith and an intent for fraudulent inducement to enter into a contract, since the negotiation of certain Term Sheet signed by Overton for himself and Accruvia. Finally, and not least important, is the breach of contract incurred by Defendant's as it was on Athena's interest to complete the acquisition it had negotiated in the Term Sheet which, in turn was repudiated by Defendants in advance of the closing date.

2. <u>Defendants' Description</u>: The claims asserted in the Complaint purportedly relate to negotiations initiated, conducted and completed entirely in El Salvador, regarding the potential acquisition of Defendant Accruvia, a Texas company, by Plaintiff. Prior to the closing of any transaction and prior to any employment agreement between Plaintiff and Defendant Shaun Overton, negotiations regarding the structure of the transaction broke down and the proposed acquisition was terminated. Defendants Shaun Overton and Accruvia deny any allegation that they violated any agreement or duty allegedly owed to Plaintiff. Defendant Neidy Overton was not involved in Accruvia's business and had no interaction with Plaintiff, and the Complaint contains no allegations against her other than the fact that she is married to Shaun Overton. Thus, Neidy Overton denies that Plaintiff has stated any claim for relief against her.

3. No counterclaims or third-party claims have been asserted at this time.

C. **Briefly identify the major legal and factual issues in the case.**

<u>Plaintiff:</u>

Valuation and number of damages caused by Defendants to Athena.

<u>Defendants:</u>

2

1) Whether there is personal jurisdiction over any Defendant based on a contract negotiated and executed in El Salvador for the potential acquisition of Defendant Accruvia, a Texas company.

2) The existence of any fiduciary duty owed by any Defendant and whether any conduct would constitute a breach of that duty.

3) The existence of an enforceable contract and whether it was breached by any party.

4) Whether Plaintiff has a claim for "bad faith" and whether any conduct breached any such duty.

5) Did any Defendant make false representations knowing such representations to be false at the time made in order to induce Athena Bitcoin Global to enter into a contract?

6) Whether there is a basis for any claim against Defendant Neidy Overton based solely on her marriage to Defendant Shaun Overton.

7) If there is any basis for liability, the extent of recoverable damages proximately caused by the allegedly wrongful conduct.

D.  **Relief sought by the parties.**

Plaintiff:

Valuation and number of damages caused by Defendants as well as an injunctive relief to enjoin Defendants from further jeopardizing Athena's confidential information subject of the NDA.

Defendants:

None at this time.

**2.    Jurisdiction.**

A.    **Identify all federal statutes on which federal question jurisdiction is based.**

Not applicable.

B.    **If jurisdiction over any claims is based on diversity or supplemental jurisdiction.**

(1)    **State whether/why the amount in controversy exceeds the jurisdiction threshold or whether there is a dispute regarding the amount in controversy (and, if so, the basis of that dispute).**

The amount in controversy is based on the allegation that Plaintiff's damages are estimated "at no less than Three Million Dollars ($3,000,000.00)." See Dkt. 1, ¶11.

(2)    **Identify the state of citizenship of each named party.**

3

Plaintiff: Nevada (state of incorporation); Illinois (principal place of business).

Defendants Shaun Overton: Texas; Neidy Overton: Texas; ROI Developers Inc. d/b/a Accruvia: Texas (state of incorporation and principal place of business).

3. **Status of Service: Identify any defendants that have not been served.**

None.

4. **Consent to Proceed Before a United States Magistrate Judge: Confirm that counsel have advised the parties that they may proceed before a Magistrate Judge if they consent unanimously and advise whether there is, or is not, unanimous consent. Do NOT report whether individual parties have so consented.**

Counsel for all parties confirm to have advised their respective clients that they may proceed before a Magistrate Judge if there is unanimous consent. At this time there is not unanimous consent.

5. **Motions.**

    A. **Briefly describe any pending motions.**

Plaintiff:

None initiated by this party.

Defendants:

On March 17, 2022, Defendants filed their Opposed Motion to Dismiss all Defendants Pursuant to Rule 12(B0(2) and To Dismiss Defendant Neidy Overton pursuant to Rule 12(b)(6) and Memorandum in Support thereof (Docs. 11, 13). Defendants assert that this Court lacks personal jurisdiction over all three Defendants due to the lack of contacts between any Defendant and Illinois. Defendants further assert that the Complaint fails to state any claim against Neidy Overton in that it does not allege the existence of a contract between Neidy and Plaintiff, nor does it allege any basis for a fiduciary duty owed by Neidy to Athena, nor does it allege any actions whatsoever taken by Neidy that could form the basis of a claim.

    B. **State whether the defendant(s) anticipate responding to the complaint by filing an Answer or by means of motion.**

See description of Motion to Dismiss in 5.A.

6. **Case Plan.**

    A. **MIDP**:

    Not applicable.

    B. **Submit a proposal for a discovery plan, including the following information.**

4

Discovery is currently stayed by Order of the Court pending a ruling on Defendants' pending Motion to Dismiss (see Minute Order, Doc. 15), which is scheduled for August 10, 2022. The dates proposed below are keyed off of the Court's ruling and assume that the motion to dismiss is denied in whole or in part on August 10.

(1)     **The general type of discovery needed.**

The parties each anticipate the service of written discovery in the form of document requests, interrogatories, and requests for admission. The parties also anticipate depositions of the other parties, as well as a limited number of third-party depositions regarding events in El Salvador.

(2)     **For Cases Exempt from the MIDP:**

| Event | Proposed Deadline |
| --- | --- |
| Rule 26(a)(1) disclosures | August 24, 2022 |
| First date to issue written discovery | September 21, 2022 |
| Fact discovery completion deadline | March 10, 2023 |
| Principal expert reports deadline | April 10, 2023 |
| Rebuttal expert reports deadline | May 22, 2023 |
| Expert discovery completion deadline | June 22, 2023 |
| Dispositive motion deadline | July 20, 2023 |

C.      **With respect to trial, indicate the following:**

(1)     **Whether a jury trial is requested.**

Plaintiff has requested a jury trial.

(2)     **The probable length of trial.**

Two (2) to three (3) days.

**7.     Status of Settlement Discussions.**

A.      **Indicate whether any settlement discussions have occurred.**

Yes.

B.      **Describe the status of any settlement discussions.**

Discussions are open but not active. A mediation including the claims in this action and in a separate action filed by Accruvia in Texas was held on July 21, 2022 but did not resolve the dispute.

C.      **Whether the parties request a settlement conference.**

Not at this time.

5

**WE HEREBY CERTIFY** that on this date the foregoing document was filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

**Respectfully Submitted.** In Chicago, Illinois, this 3rd day of August, 2022.

**Counsel for Plaintiff**:

*s/ Ryan M. Clays*
Ryan M. Clays, Esq.
115 East Irving Park Rd., #936
Streamwood, IL 60107
Tel.  (847) 217-7170
Email:  rmcleys@gmail.com


*s/ Antonio Valiente*
Antonio Valiente, Esq.
USDC-DPR No. 213906
93 Calle Romerillo
Urb. Santa Maria
San Juan, PR 00927-6624
Tel.  (787) 567-1234
Email:  antonio@athenabitcoin.com
*Admitted Pro Hac Vice*


**Counsel for Defendants**:

*/s/ Michael L. Rice*
Holly A. Harrison
Katie J. Colopy
Michael L. Rice
HARRISON LAW LLC
141 W. Jackson Blvd., Suite 2055
Chicago, IL 60604
(t) (312) 638-8776
(f) (312) 638-8793
hollyharrison@hlawllc.com
katiecolopy@hlawllc.com
mikerice@hlawllc.com